UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-151 |
| REYNAUD KENTRELL VARISTE | SECTION M |

### ORDER & REASONS

Before the Court is a motion filed by defendant Reynaud Variste to vacate his sentence pursuant to 28 U.S.C. § 2255.[1] The United States of America ("the government") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

I.    BACKGROUND

On July 12, 2018, Variste was indicted by a grand jury in the United States District Court for the Eastern District of Louisiana with one count of possession with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[3] On October 28, 2021, pursuant to a negotiated plea agreement,[4] Variste pleaded guilty to Counts 1 and 3 of the indictment, charging him with possession with the intent

---

[1] R. Doc. 95.
[2] R. Doc. 100.
[3] R. Doc. 1.
[4] R. Doc. 69.  Variste agreed to plead guilty to Counts 1 and 3 of the indictment in exchange for the government's agreement to dismiss Count 2, charging Variste with being a felon in possession of a firearm. *Id.* at 1. Variste also agreed to waive certain rights, including rights arising under 28 U.S.C. § 2255 to challenge his sentence collaterally, but retained the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding. *Id.* at 3.

to distribute a quantity of heroin and possession of a firearm in furtherance of a drug trafficking crime.[5]  On March 3, 2022, this Court sentenced Variste to a term of imprisonment of 81 months, to be followed by three years of supervised release.[6]  Variste did not appeal his conviction or sentence, but filed a *pro se* motion for credit for time served with this Court on November 7, 2022.[7] The Court noted that Variste "should have filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 after administrative exhaustion through the Bureau of Prisons" and denied the motion for lack of jurisdiction without prejudice to Variste's filing it in the Western District of Tennessee, where he was incarcerated.[8]  Variste filed the instant motion on November 5, 2024.[9]

## II.    PENDING MOTION

Variste moves to vacate his sentence, asserting that his attorney did not file certain pretrial motions that Variste "asked" him to file, including a motion "bring[ing] … up" disciplinary records of the law enforcement officers who arrested him for the instant offense and a motion for credit for time served which Variste says "the Judge told him to file."[10]  Variste contends that, had his attorney filed these motions, "this case could have been throw[n] out."[11]  The government, in opposition, argues that Variste's motion is "procedurally barred as untimely" under 28 U.S.C. § 2255(f)(1), given that it was filed more than one year after his conviction became final and he makes no showing of tolling under § 2255(f)(2)-(4).[12]  The government further argues that Variste's ineffective assistance of counsel claim is meritless.[13]

---

[5] R. Doc. 68.
[6] R. Doc. 82.
[7] R. Doc. 89.
[8] R. Doc. 94.  A petition for writ of habeas corpus under § 2241 must be filed in the same district where the defendant is incarcerated.  *United States v. Mares*, 868 F.2d 151, 151-52 (5th Cir. 1989).
[9] R. Doc. 95.
[10] *Id.* at 4.  The Court previously addressed a similar assertion by Variste that the Court instructed his lawyer to file a motion for credit for time served.  R. Doc. 94 at 2 n.7.
[11] R. Doc. 95 at 4.
[12] R. Doc. 100 at 2.
[13] *Id.* at 2-4.

### III.    LAW & ANALYSIS

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." A narrow set of claims are cognizable on a § 2255 motion: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the statutory maximum; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The defendant bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period on § 2255 motions, which "run[s] from the latest of" four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f). Equitable tolling of AEDPA's one-year limitation period is only warranted where the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Variste does not assert that any of the conditions under § 2255(f)(2)-(4) are present in this case but does contend that his attorney "told and promised" him that the limitation period was 24 months.[14] However, it is well established that an attorney's miscalculation of the period of limitation does not amount to the "extraordinary circumstances" necessary to warrant tolling of AEDPA's one-year limitation period. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.") (§ 2244 case); *United States v. Cardenas*, 13 F.4th 380, 383 (5th Cir. 2021) (holding that § 2255 petitioner's argument that "he [was] entitled to equitable tolling because his attorney erred in calculating the AEDPA limitations period" was "squarely foreclosed by our precedent: 'An attorney's error or neglect does not warrant equitable tolling.'" (alteration omitted) (quoting *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002))). Even if Variste were entitled to rely on his attorney's alleged representation that he had 24 months to seek post-conviction relief, bringing his deadline to March 17, 2024,[15] he did not file the instant motion until November 5, 2024 – over 6 months after the purported 24-month limitation period would have expired. Variste offers no explanation for this apparent failure to diligently pursue his rights.

Because equitable tolling of the one-year limitation period is not warranted and none of the circumstances enumerated in § 2255(f)(2)-(4) applies, Variste's one-year period of limitation ran from the date his conviction became final, March 17, 2022, through March 17, 2023. Thus,

---

[14] R. Doc. 95 at 11.

[15] "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Variste had 14 days from entry of the Court's judgment (R. Doc. 82) on March 3, 2022, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i).

4

Variste's motion to vacate his sentence is barred as untimely, and the Court need not address the merits of his ineffective-assistance-of-counsel claim.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Variste's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (R. Doc. 95) is DENIED.

New Orleans, Louisiana, this 9th day of January, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

5